IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:12-cv-163-CG-M |
| | ) |
| OCÉ IMAGISTICS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the motion for summary judgment filed by the defendant, Océ Imagistics, Inc. ("OCE") (Doc. 26).  The court has reviewed the parties' respective briefs (Docs. 27, 34, and 35), and the case is now ripe for resolution.  For the reasons stated herein, the court finds that OCE's motion is due to be **GRANTED**.

## FACTUAL BACKGROUND

The plaintiff, Paul Jones ("Jones"), was employed as a salesperson by Harris Business Machines, Inc. ("Harris"), until January 2011.  (Doc. 1-1 at 11).  Previously, as part of his employment with Harris, Jones had executed a non-compete agreement (the "non-compete agreement") in which he agreed that "[f]or a period of 12 months following [his] termination, [Jones] will not, without the prior written consent of [Harris] … be employed by … any business which is competitive with [Harris] and which is located within a seventy-five (75) mile radius of any office of [Harris]."  (Doc. 28-2 at 2).

In approximately January 2011, Jones applied for a sales position with OCE, and attached a copy of the non-compete agreement to his employment application. (Doc. 28-3 at 1, ¶2(a)). Jones also told OCE's Mobile branch manager, Rick Lose ("Lose"), that he was bound by the non-compete agreement, (Doc. 34-1 at 1, ¶ 4), to which Lose replied, "Don't worry about it; everybody has a non-compete agreement in this industry." (Doc. 34-1 at 1, ¶ 5). Shortly thereafter, Lose told Jones that OCE's legal department wanted to review the non-compete agreement, and then reported back later that "[t]he Legal Department says that the non-compete agreement is not enforceable. Within a couple of weeks, you will get a letter from Harris. Bring it in, and we'll handle it." (Doc. 34-1 at 1-2).

On January 7, 2011, OCE sent Jones a letter containing an employment offer (the "offer letter"). (Doc. 35-1). The offer letter expressly stated the following:

> "[y]ou have acknowledged to Océ that you have signed a non-compete/confidentiality agreement ("Confidential Information Agreement") with your current or former employer and you agree to abide by its terms and conditions. <u>You should retain your own attorney to advise you on the enforceability of the Confidential Information Agreement you signed with your current or former employer</u>. <u>Océ offers no opinion as [to] the enforceability of the Confidential Information Agreement</u>."
>
> In the event that you are sued by your current or former employer, you must retain your own attorney since Océ will not hire legal counsel to represent you. <u>Should such a lawsuit be filed against you or should Océ be named as a defendant in a lawsuit as a result of</u>

2

> hiring you, Océ may take additional actions in response to the lawsuit.

Id. at 3 (emphasis added).

Jones subsequently signed the offer letter, resigned from Harris, and began working at OCE on January 18, 2011.  (Doc. 27 at 4).  Just over two weeks later, on February 4, Harris' attorneys sent a letter to Jones (the "Harris letter") stating that Harris considered Jones' employment at OCE to be a violation of the non-compete agreement.  (Doc. 28-5).  As previously discussed, Jones brought the letter to Lose, who told Jones, "Don't worry about it.  Just stay out of their accounts, and it will be just fine."  (Doc. 34-1 at 2, ¶ 10).  Lose subsequently reported back to Jones that OCE's regional vice president had agreed to pay up to $10,000.00 for Jones to hire an attorney to "handle" the case.  Id. at ¶ 11.

On February 11, OCE responded through counsel to the Harris letter stating that it had "serious questions" about the enforceability of the non-compete agreement.  (Doc. 28-6).  Harris replied with yet another letter on February 17, threatening to file suit unless OCE confirmed within seven days that Jones was no longer employed at OCE.  (Doc. 28-7).

After Harris threatened to file suit, Lose told Jones that OCE's legal department overrode the regional vice president regarding the $10,000.00 payment to "handle" the Harris case, and told Jones that he could either (1) resign his position with OCE and be eligible for rehiring if and when Jones resolved the issue of the non-compete agreement with Harris, or (2) OCE

3

would fire Jones and he would not be eligible for rehiring.  Id. at ¶ 12.  Jones reluctantly chose the former option.  (Doc. 1-1 at 12).

Jones now alleges a state law claim against OCE for fraudulent misrepresentation.  (Doc. 1-1 at 13).  Although Jones initially filed suit in the Circuit Court of Mobile County, see id. at 10, OCE removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1).  This court previously denied Jones' motion to remand on August 2, 2012.  (Doc. 25).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  The trial court=s function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'"  Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-250. (internal citations omitted).

4

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party

"may not rely merely on allegations or denials in [the non-moving party=s] pleading; rather, its response .... must B by affidavits or as otherwise provided in this rule B set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e).  "A mere 'scintilla' of evidence supporting the [non-moving] party=s position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole."  Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

### A.    FRAUDULENT MISREPRESENTATION v. PROMISSORY FRAUD

The elements of fraud are: (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation.  Robinson v. Sovran Acquisition Ltd. P'ship, 70 So.3d 390, 396 (Ala.Civ.App. Feb. 11, 2011) (citing Coastal Concrete Co. v. Patterson, 503 So.2d 824, 826 (Ala. 1987).  Jones points to his own affidavit as evidence of Lose's statements and argues that they satisfy

these four elements.  (Doc. 34-1 at 1-2).  However, Jones has not presented evidence that Lose's first statement – i.e., that Jones should not worry and that "everybody has a non-compete agreement in this industry" – was either false or a material fact.  Nor has Jones presented evidence which suggests that Lose's second statement – that "the Legal Department says that the non-compete agreement is not enforceable" – was either false or a material fact.  See RBC Bank v. CMI Electronics, Inc., 2010 WL 2719096, *8 (M.D. Ala. 2010) (quoting McCutchen Co., Inc. v. Media Gen'l, Inc., 988 So.2d 998, 1002 (Ala.2008)) ("[A] mere statement of opinion or prediction as to events to occur in the future is not a statement of a 'material fact' upon which individuals have the right to rely and, therefore, it will not support a fraud claim.").

Furthermore, it is self-evident that Lose's third statement – that Jones would receive a letter from Harris "in a couple of weeks," and should bring it in to OCE and "we'll handle it" – was a statement "relating to an event to occur in the future."  See National Security Ins. Co. v. Donaldson, 664 So.2d 871, 876 (Ala. 1995).  If, as here, the alleged fraud is based upon a promise to perform or abstain from performing in the future, then the claim is one of promissory fraud and two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive.  Robinson at 396.  Jones has presented neither evidence nor argument concerning either of these additional two elements.

Jones argues that Lose's statements were representations of material <u>existing</u> facts, i.e.. "that [Jones'] non-compete agreement with Harris would not be an issue effecting [sic] Jones [sic] employment with OCE even if Harris sought to enforce the agreement." (Doc. 34 at 2). But this characterization of Lose's statement clearly constitutes an allegation of promissory fraud, where "the material existing fact that is misrepresented is the defendant's state of mind, when the defendant represents that he intends to perform some act although he does not in fact intend to perform it." <u>Id.</u> (quoting <u>Spring Hill Lighting & Supply Co. v. Square D Co.,</u> 662 So.2d 1141, 1149 (Ala. 1995)).

Accordingly, the court finds that Jones has failed to make out a <u>prima facie</u> case of fraudulent misrepresentation and has failed to make a <u>prima facie</u> case of promissory fraud with regard to Lose's third statement. The remaining statements quoted in Jones' affidavit allegedly occurred after Jones accepted employment at OCE, and therefore Jones cannot claim to have relied upon them. Consequently, OCE's motion for summary judgment is due to be granted.

**B.    OCE'S WRITTEN DISCLOSURES**

Even if Jones had established a <u>prima facie</u> case of fraudulent misrepresentation and promissory fraud, the court would still find that the defendant's summary judgment motion was due to be granted. This is because Jones has not presented evidence to counter OCE's express written warnings in its January 7, 2011, offer letter. <u>See</u> Doc. 35-1 at 3. These

8

warnings included a statement that Jones should retain his own attorney to review the enforceability of the non-compete agreement.  The warnings in the January 7 letter also included a statement that, notwithstanding the OCE legal department's previously stated opinion that the non-compete agreement was not enforceable, "Océ offers no opinion as [to] the enforceability of this Confidential Information Agreement."  Id.

Under the law of Alabama, there is a general duty on the part of a person to read the documents received in connection with a particular transaction.  Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997) (overruling Hickox v. Stover, 551 So.2d 259 (Ala.1989)).  Therefore, "an oral misrepresentation, even if proven, does not give rise to a fraud claim where a party receives written disclosures which contradict the oral statements.  Those written statements place a party on notice that the oral representations may not be true.  This notice undercuts any reasonable reliance, which is an essential element of a fraud claim."  Harris v. Howell, 739 F.Supp. 565, 567-68 (N.D. Ala. 1989) (citing Bedwell Lumber Co., Inc. v. T & T Corp., 386 So.2d 413, 415 (Ala. 1980)).  A plaintiff cannot blindly accept statements from the defendant as true, as "it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests." Alfa Life Ins. Corp. v. Green, 881 So.2d 987, 991-92 (Ala. 2003) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 758 (Ala. 1983)).  A party has a "duty to read and inspect any document

9

which might affect that person's legal rights or liabilities." <u>Ramp Operations, Inc. v. Reliance Insurance Co.</u>, 805 F.2d 1552, 1556 (11th Cir. 1986).

## CONCLUSION

While the court is sympathetic to Jones' situation, it nevertheless finds that OCE's motion for summary judgment is due to be **GRANTED** for the reasons stated above.

**DONE** and **ORDERED** this 3rd day of November, 2012.


/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**